IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RYAN WALKER, On Behalf of Himself and All Others Similarly Situated,<br><br>  Plaintiff,<br><br>V.<br><br>TRINIDAD DRILLING, LP<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 5:15-cv-169<br>§<br>§  JURY TRIAL DEMANDED<br>§<br>§  COLLECTIVE ACTION |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, RYAN WALKER ("Walker" or "Plaintiff"), on behalf of himself and all other similarly situated employees, files this Complaint against TRINIDAD DRILLING, LP ("Trinidad" or "Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek.

2. Plaintiff files this lawsuit on behalf of himself and as a FLSA collective action on behalf of all other similarly situated individuals who worked for Defendant as oilfield workers, were paid an hourly rate of pay, and like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

3. Plaintiff and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

## II.     THE PARTIES, JURISDICTION AND VENUE

### A.     Plaintiff Ryan Walker

4.      Walker is a natural person who resides in Van Zandt County, Texas. He has standing to file this lawsuit.

5.      Walker was employed by Defendant at./from/through Defendant's yard/site of employment located at or near 4948 East Highway 199, Springtown, Texas.

6.      Walker is a former employee of Defendant and was employed by Defendant for approximately one year and six months with his last date of employment with Defendant being on or about January 13, 2015.

### B.     Collective Action Members

7.      The putative collective action members are all current and/or former hourly oilfield worker employees of Defendant who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek. While their precise job duties might vary somewhat as oilfield worker employees (*i.e.* driller, derrick hand, motor man, floor hand, etc.), those differences do not matter for purposes of determining their entitlement to overtime pay. Because Defendant did not pay overtime premium compensation to its hourly oilfield worker employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

8.      The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

### C. Defendant Trinidad Drilling, LP

9. Defendant is a foreign limited partnership organized under the laws of the State of Delaware.

10. The general partner of Defendant is Trinidad Drilling, LLC.

11. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

12. Defendant maintains multiple district offices/yards in Texas from which drilling rig workers, support personnel, supplies and equipment are based and dispatched on a variety of work projects, including oil and/or gas exploration and production projects. Those district offices/yards include locations in San Antonio, Texas, Springtown, Texas and Midland, Texas.

13. Defendant has or had a fully operational district office/yard in Bexar County, Texas located at or near 3598 South WW White Road, San Antonio, Texas. Putative class members in this lawsuit work/worked at/from/through that yard/site of employment.

14. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

15. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

16. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

17. For example, Defendant employed two or more employees who regularly engaged in commerce in their daily work. Examples of that commerce include drilling rig work offered/provided by Defendant to customers in Texas and states other than Texas and

communications by phone, mail, and internet with customers/prospective customers in Texas and states other than Texas.

18. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, equipment and supplies/materials used in connection with drilling rig operations.

19. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

20. Defendant may be served with summons through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

### D.   **Jurisdiction and Venue**

21. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

22. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

23. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

24. Venue is proper in the United States District Court for the Western District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district. As previously identified, Defendant has one or more district offices/yards

within this District and putative class members work/worked out of a yard of Defendant located within this District.

25. Venue is proper in the San Antonio Division of the United States District Court for the Western District of Texas because, as previously identified, Defendant maintains business operations within the San Antonio Division and a substantial part of the events giving rise to the claims in this lawsuit occurred in the San Antonio Division.

### III.   FACTUAL BACKGROUND

26. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

27. Defendant employs/employed numerous oilfield workers in connection with its drilling operations throughout locations in the United States. Those workers work/worked on and/or in support of Defendant's drilling rigs which drill/drilled for oil and or natural gas in locations such as the Bakken Shale, Marcellus Shale, Permian Basin, Eagle Ford Shale and others.

28. Defendant's drilling rigs operate/operated from numerous yards/sites of employment around the United States, including yards/sites of employment in or around San Antonio, Texas and Springtown, Texas. Oilfield workers worked at/from/through those yards/sites of employment.

29. Plaintiff was an hourly employee who worked on Defendant's drilling rigs. Plaintiff routinely worked in excess of 40 hours in a seven day workweek when working hitches that were typically two weeks on and two weeks off.

30. Plaintiff was a non-exempt employee of Defendant pursuant to the FLSA. When he worked more than 40 hours per seven day workweek, he was entitled to receive overtime

premium compensation at the rate of one and one-half times his regular rate of pay for all such hours worked over 40.

31. In addition to receiving hourly pay, Plaintiff also received additional remuneration, including oil base mud pay, safety incentive bonuses, and so-called per diem pay.

32. Although Defendant paid Plaintiff overtime premium compensation for on-the-clock work at one and one-half times his hourly rate of pay, Defendant failed to include all remuneration required by the FLSA in calculating Plaintiff's regular rate of pay. This resulted in Plaintiff not being paid all overtime compensation owed by Defendant.

33. Plaintiff worked with numerous other hourly oilfield worker employees of Defendant. Like Plaintiff, those employees, before, during and after Plaintiff's dates of employment, routinely work/worked in excess of 40 hours per workweek, are/were entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all overtime hours worked, are/were paid additional remuneration, such as oil base mud pay, safety incentive bonuses, and so-called per diem pay, in addition to their hourly pay, and did not/do not receive all overtime compensation owed by Defendant due to Defendant not including all remuneration required by the FLSA in their respective regular rates of pay.

34. During times relevant, Defendant operates/operated numerous other yards/sites of employment throughout the United States at/from/through which it conducted drilling rig operations other than the yards/sites of employment in and around San Antonio, Texas and Springtown, Texas. On information and belief, Defendant employed, and continues to employee, hourly oilfield workers at/from/through those yards/sites who are similarly situated to Plaintiff and who, despite being entitled to overtime premium compensation at one and one-half times their regular rates of pay for all hours worked over 40 in a workweek as FLSA non-exempt

employees, were not paid all overtime compensation owed due to Defendant's failure to include all remuneration required by the FLSA in their respective regular rates of pay.

35. Although Defendant has recently terminated many employees, on information and belief, it continues to employ hourly oilfield workers that are subject to the aforementioned practice/policy to not include all remuneration required by the FLSA in their respective regular rate of pay when calculating the overtime wages owed.

### IV. CONTROLLING LEGAL RULES

36. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

37. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

38. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

39. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. §

516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

40. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

41. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

42. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

## V.     FLSA CLAIMS

43. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

44. All conditions precedent to this suit, if any, have been fulfilled.

45. At relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

46. At relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

47. Plaintiff and putative collective action members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

48. Plaintiff and the putative collective action members are/were paid an hourly rate of pay by Defendant.

49. At material times, Plaintiff and the putative collective action members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

50. Defendant is/was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

51. Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

52. The putative collective action members are/were similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 203(e).

53. Defendant's violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and the putative collective action members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. Plaintiff and the putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

54. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI. FLSA COLLECTIVE ACTION

55. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

56. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and former hourly paid oilfield workers who are/were employed by Defendant and who are/were not paid all overtime compensation owed for all hours worked over 40 in each and every workweek due to Defendant's failure to include all remuneration required by the FLSA in their respective regular rates of pay. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

57. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

58. Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   JURY DEMAND

59. Plaintiff demands a jury trial.

## VIII.   DAMAGES AND PRAYER

60. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA, including back overtime wages;

   c. Liquidated damages in an amount equal to back FLSA mandated wages;

   d. Legal fees;

   e. Costs;

      f.      Post-judgment interest;

      g.      All other relief to which Plaintiff and the Collective Action Members are entitled.

                                Respectfully submitted,

                          By:     s/ Allen R. Vaught
                                    Allen R. Vaught
                                    Attorney-In-Charge
                                    TX Bar No. 24004966
                                    MS Bar No. 101695
                                    Baron & Budd, P.C.
                                    3102 Oak Lawn Avenue, Suite 1100
                                    Dallas, Texas  75219
                                    (214) 521-3605 – Telephone
                                    (214) 520-1181 – Facsimile
                                    avaught@baronbudd.com

                          ATTORNEYS FOR PLAINTIFF