IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RYAN WALKER, on Behalf of Himself and All Others Similarly Situated, Plaintiffs, | § § § § | CIVIL ACTION NO. 5:15−cv−169 |
| v. | § § | JURY TRIAL DEMANDED |
| TRINIDAD DRILLING, LP, Defendant. | § § § | COLLECTIVE ACTION |

## DEFENDANT'S ORIGINAL ANSWER
## TO PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Defendant Trinidad Drilling, LP ("Defendant"), and files this Original Answer to Plaintiff's Original Complaint (the "Complaint"), filed by Ryan Walker ("Plaintiff") on behalf of himself and all others similarly situated, and would respectfully show the following:

### I. SPECIFIC ADMISSIONS & DENIALS

1. Defendant admits that Plaintiff has filed a lawsuit under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251–262, but denies the remainder of the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff seeks to represent a class of allegedly similarly situated persons, but denies the remainder of the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff, on behalf of himself and purported putative collective action members that he seeks to represent, seeks damages under the FLSA from Defendant, but Defendant denies the remainder of the allegations in Paragraph 3 of the Complaint, including any allegations that any such damages are available to Plaintiff and any putative collective action members, or that Defendant is liable for any such damages.

HOU:3541656.2

4. Defendant admits that Plaintiff is a natural person who resides in Van Zandt County, Texas, but denies the remainder of the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant denies the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant admits that it has or had an office in Bexar County, Texas located at or near 3598 South WW White Road, San Antonio, Texas, but denies the remainder of the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant admits the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant admits the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant admits the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant admits the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant admits the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant admits the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant admits that this Court has jurisdiction over the parties in this lawsuit, but denies the remainder of the allegations set forth in Paragraph 21 of the Complaint.

HOU:3541656.2

22. Defendant admits the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant admits that this Court has jurisdiction over the claims in this lawsuit, as alleged in Paragraph 23 of the Complaint, but denies the remainder of the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant admits that venue in the United States District Court for the Western District of Texas is proper, but denies the remainder of the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant admits that venue in the San Antonio Division of the United States District Court for the Western District of Texas is proper, but denies the remainder of the allegations set forth in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint incorporates all of the Complaint's preceding paragraphs, many of which contain allegations that Defendant denies. Defendant incorporates its preceding denials to the Complaint's preceding paragraphs.

27. Defendant admits the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant admits that it has or had an office in or around San Antonio, Texas and Springtown, Texas, but denies the remainder of the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant admits that Plaintiff was an hourly employee who worked on Defendant's drilling rigs, but denies the remainder of the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant admits that Plaintiff received payments in addition to his hourly pay, but denies the remainder of the allegations set forth in Paragraph 31 of the Complaint.

HOU:3541656.2

32. Defendant admits that Plaintiff was properly paid any overtime compensation, but denies the remainder of the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant is not required to admit or deny the allegations in Paragraph 36 of the Complaint because they constitute legal conclusions and do not set forth any factual allegations, but Defendant denies that Plaintiff is entitled to any relief pursuant to the legal conclusions stated in Paragraph 36 of the Complaint.

37. Defendant is not required to admit or deny the allegations in Paragraph 37 of the Complaint because they constitute legal conclusions and do not set forth any factual allegations, but Defendant denies that Plaintiff is entitled to any relief pursuant to the legal conclusions stated in Paragraph 37 of the Complaint.

38. Defendant is not required to admit or deny the allegations in Paragraph 38 of the Complaint because they constitute legal conclusions and do not set forth any factual allegations, but Defendant denies that Plaintiff is entitled to any relief pursuant to the legal conclusions stated in Paragraph 38 of the Complaint.

39. Defendant is not required to admit or deny the allegations in Paragraph 39 of the Complaint because they constitute legal conclusions and do not set forth any factual allegations, but Defendant denies that Plaintiff is entitled to any relief pursuant to the legal conclusions stated in Paragraph 39 of the Complaint.

40. Defendant is not required to admit or deny the allegations in Paragraph 40 of the Complaint because they constitute legal conclusions and do not set forth any factual allegations,

HOU:3541656.2

but Defendant denies that Plaintiff is entitled to any relief pursuant to the legal conclusions stated in Paragraph 40 of the Complaint.

41. Defendant is not required to admit or deny the allegations in Paragraph 41 of the Complaint because they constitute legal conclusions and do not set forth any factual allegations, but Defendant denies that Plaintiff is entitled to any relief pursuant to the legal conclusions stated in Paragraph 41 of the Complaint.

42. Defendant is not required to admit or deny the allegations in Paragraph 42 of the Complaint because they constitute legal conclusions and do not set forth any factual allegations, but Defendant denies that Plaintiff is entitled to any relief pursuant to the legal conclusions stated in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint incorporates all of the Complaint's preceding paragraphs, many of which contain allegations that Defendant denies. Defendant incorporates its preceding denials to the Complaint's preceding paragraphs.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant admits the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant admits the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant admits that Plaintiff was an employee of Defendant pursuant to the FLSA, but otherwise the allegations set forth in Paragraph 47 of the Complaint.

48. Defendant admits that Plaintiff was paid an hourly rate of pay by Defendant, but otherwise denies the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

HOU:3541656.2

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant admits that Plaintiff, on behalf of himself and purported putative collective actions members that he seeks to represent, seeks damages from Defendant, but Defendant denies the remainder of the allegations in Paragraph 54 of the Complaint, including any allegations that any damages are available to Plaintiff and any putative collective action members, or that Defendant is liable for any such damages.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57. Defendant is not required to admit or deny anything with respect to Paragraph 57 of the Complaint because it merely purports to reserve rights for the Plaintiff and does not set forth any factual allegations, but Defendant denies that Plaintiff is entitled to any such reservation of rights.

58. Defendant is not required to admit or deny anything with respect to Paragraph 58 of the Complaint because it merely purports to reserve rights for the Plaintiff and does not set forth any factual allegations, but Defendant denies that Plaintiff is entitled to any such reservation of rights.

59. Defendant admits that Plaintiff requests a jury trial in Paragraph 59 of the Complaint.

60. Defendant is not required to admit or deny anything with respect to Paragraph 60 of the Complaint because it merely describes the relief sought by Plaintiff and the putative collective action members and does not set forth any factual allegations, but Defendant denies

Page 6 of 9
HOU:3541656.2

that Plaintiff and the putative collective action members are entitled to any relief, including the relief sought in Paragraph 60 of the Complaint.

## II. <u>AFFIRMATIVE DEFENSES</u>

61. Defendant affirmatively alleges that Plaintiff has failed to state a claim upon which relief may be granted.

62. Defendant affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by the application of the motor carrier act exemption under Section 13(b)(1) of the Fair Labor Standards Act.

63. Defendant affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by the application of the exemptions for administrative, executive and/or highly compensated employees under Section 13(b)(1) of the Fair Labor Standards Act.

64. Defendant affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by application of multiple exemptions under the Fair Labor Standards Act because Plaintiff performed a combination of different exempt duties.

65. Defendant affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because he has made statements or taken actions, or failed to make statements or to take actions, that operate to estop or preclude him from asserting the claims set forth in his Complaint and/or that constitute a waiver of those claims.

66. Defendant affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

67. Defendant affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Defendant has, at all times, acted in good faith, as defined and required in Section 10 of the Portal-to-Portal Act.

68. Defendant affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Defendant has, at all times, acted in good faith as defined and required in Section 11 of the Portal-to-Portal Act.

69. Defendant affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff was timely and properly paid for all wages due and owing under the Fair Labor Standards Act.

70. Defendant affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### III. RESERVATION

71. Defendant reserves the right to assert new, additional, or further affirmative defenses.

### IV. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Trinidad Drilling, LP respectfully request that upon the trial of this matter, or earlier if appropriate, this Court enter a Final Judgment denying all of the relief sought by Plaintiff Ryan Walker, on behalf of himself and all others similarly situated, and granting Defendant any further relief, in law or in equity, to which it is justly entitled.

HOU:3541656.2

Respectfully submitted,

ANDREWS KURTH LLP

By: /s/ *Matthew L. Hoeg*
    Matthew L. Hoeg
    USDC/SDTX ID 8131
    J. Marshall Horton
    USDC/SDTX ID 725924
    600 Travis, Suite 4200
    Houston, Texas 77002
    713.220.4012    Direct
    713.238.7328    Direct Facsimile
    mhoeg@andrewskurth.com

ATTORNEYS FOR DEFENDANT,
TRINIDAD DRILLING, LP

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 28, 2015, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Western District of Texas, by using the CM/ECF system, and that service will be accomplished by the CM/ECF system to the following:

Allen R. Vaught
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas, 75219
***Attorneys for Plaintiffs***

                                        /s/ *Matthew L. Hoeg*
                                        Matthew L. Hoeg